IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

JEREMY NEWTON,

   Plaintiff,

v.                                                    Civil Action No. CV-06-J-2315-NW

TIM RAY,

   Defendant.

### MEMORANDUM OPINION

Pending before the court is the defendant's motion to dismiss complaint and first amended complaint (doc. 15), and a brief in support of said motion (doc. 16), to which the plaintiff has filed a response (doc. 25). Having considered said motion, response, and the Eleventh Circuit Court of Appeals' instruction to this court to "render a reasoned decision on the qualified immunity issue," *Newton v. Ray*, No. 07-12820 (11th Cir. Nov. 8, 2007), the court finds as follows:

The facts of this case arise from the plaintiff's arrest by the defendant for domestic violence because the plaintiff's wife beat up the plaintiff's sister. Amended Complaint, ¶ 4. Tequila Newton, the plaintiff's sister, told the defendant officer that the plaintiff and his mother "egged on" the assault. *Id.*, ¶ 8. Indeed, the plaintiff was arrested for "agging [sic] on" the assault. *Id.*, ¶ 4. The plaintiff filed this action under 42 U.S.C. § 1983 on the sole count of false arrest. *Id.*, ¶¶ 15-16.

In reviewing motions to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). *See also Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  A court should not dismiss a suit on the pleadings alone "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.,* 144 F.3d 732, 735 (11th Cir.1998)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

The amended complaint contains one Count, that being for unlawful seizure or false arrest, pursuant to § 1983, against the defendant in his individual capacity. "[Section] 1983 ... provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2694 n. 3, 61 L.Ed.2d 433 (1979)).  *See also Lowe v. Aldridge*, 958 F.2d 1565, 1569  (11th Cir.1992) ("Section 1983 affords relief for individuals who have been deprived of a constitutional right by an individual who was acting under color of state law" (citation omitted)).

In his motion to dismiss, the defendant does not dispute the facts of the amended complaint.  Rather, he admits the fact that the plaintiff was arrested for

domestic violence because Tequila Newton stated that the plaintiff was "egging on an assault committed by Plaintiff's wife" on Ms. Newton. Renewed Motion to Dismiss, at 1.

The defendant argues that he is entitled to qualified immunity if he had even arguable probable cause to arrest the plaintiff. Defendant's brief, at 8-9. In order to receive qualified immunity, a public official has the burden to "first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir.2000)(internal quotation marks omitted); *see Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir.2004); *Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1194 (11th Cir.2003) ("If the defendants were not acting within their discretionary authority, they are ineligible for the benefit of qualified immunity"). The defendant asserts he was acting within his discretionary authority at the time of plaintiff's arrest. The plaintiff does not dispute this. Therefore, the court accepts that the defendant was acting within his discretionary authority.

Once it is established that the defendant was acting within his discretionary authority, the burden shifts to the plaintiff to prove that qualified immunity is not warranted. *Lee*, 284 F.3d at 1194. The Supreme Court has articulated a two-pronged test to aid in this analysis. First, the court must determine whether the allegations in the plaintiff's complaint establish a constitutional violation. *Hope v. Pelzer*, 536 U.S.

730, 736, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).  *See also Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (stating that the court must evaluate the complaint to determine if its allegations, assuming they are true, plead a cognizable violation of the constitution).  If a constitutional violation is properly alleged, the plaintiff must then shown that the violated right was clearly established at the time of the alleged wrongful conduct.  *Saucier*, 533 U.S. at 202.

In determining whether the allegations of the amended complaint establish a constitutional violation, the court looks at the facts as alleged in the amended complaint.  In this case, plaintiff pled in sufficient detail the facts of his claim.  He alleged that the defendant arrested him with no investigation and that the defendant has no reason to believe that the plaintiff had committed any crime.  Plaintiff alleges that defendant acted without probable cause to arrest him and that there were no exigent circumstances.  However, the plaintiff also alleged in his amended complaint that Tequila Newton's comment that the plaintiff "had in some unexplained way 'agged [sic]' on the assault by his wife .... showed plaintiff might have committed an offense...." Amended complaint, ¶ 7.

For qualified immunity to apply, the defendant must show only that an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed.  *Montoute v. Carr,* 114 F.3d 181, 184 (11th Cir.1997).  Thus, even if the defendant officer "reasonably but mistakenly" concluded

that probable cause was present, he is entitled to qualified immunity. *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

To have probable cause, the facts and circumstances within an officer's knowledge, of which he has reasonably trustworthy information, must be such that a prudent person would believe that the suspect has committed, is committing, or is about to commit some offense. *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir.2004); *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir.1995). Probable cause does not require convincing proof, but does require more than mere suspicion. *Lee*, 284 F.3d at 1195. Even if probable cause is lacking, an officer is still entitled to qualified immunity from a § 1983 claim if the officer had "arguable probable cause." *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir.1999). "[B]ecause only arguable probable cause is required, the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed ... in light of the information the officer possessed." *Montoute v. Carr*, 114 F.3d at 184; *Kingsland*, 382 F.3d at 1226, 1232 ("[p]robable cause to arrest exists when an arrest is objectively reasonable based on the totality of the circumstances" (citations omitted); *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir.2003); *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir.1999).

The court thus considers whether the defendant had arguable probable cause to arrest the plaintiff for domestic violence. Defendant asserts that he had probable cause

5

because "an assault had been committed." Defendant's brief, at 8. Tequila Newton called the police and upon his arrival, defendant observed that she had a bloody nose. *Id.* Ms. Newton told defendant that plaintiff had "agged on" the assault. *Id.* Because Ms. Newton later swore out a complaint against plaintiff, the defendant asserts this set of facts created arguable probable cause. *Id.* Defendant argues that he "arrested Plaintiff based on the admitted assault on Ms. Newton ..." *Id.*, at 10. Given that Ms. Newton called the police, that when the defendant arrived Ms. Newton had a bloody nose, and when asked, stated the plaintiff "egged on" the assault, the court is drawn to the conclusion that the defendant officer reasonably could have believed that probable cause existed in light of the information he possessed at the time her arrested the plaintiff.

Having considered the foregoing, and being of the opinion the motion to dismiss is due to be granted, the court shall so rule by separate Order.

**DONE** and **ORDERED** this the 22nd day of January, 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE